652 So.2d 1246 (1995)
Richard KHALAF, Appellant,
v.
CITY OF HOLLY HILL, a Florida municipal corporation, Appellee.
No. 94-0433.
District Court of Appeal of Florida, Fifth District.
April 7, 1995.
*1247 Eric A. Latinsky, Daytona Beach, for appellant.
David A. Vukelja, P.A., Ormond Beach, for appellee.
PER CURIAM.
Richard Khalaf appeals the trial court's order dismissing this action with prejudice. We respectfully disagree with the trial court's application of the statute of limitations to bar this action and, therefore, reverse and remand for further proceedings.
Rigby v. Liles, 505 So.2d 598 (Fla. 1st DCA 1987), sets forth the applicable principles:
... [T]he statute of limitations and laches are affirmative defenses which should be raised by answer rather than by a motion to dismiss the complaint; and only in extraordinary circumstances where the facts constituting the defense affirmatively appear on the face of the complaint and establish conclusively that the statute of limitations bars the action as a matter of law, should a motion to dismiss on this ground be granted.
Id. at 601. Because the instant complaint does not conclusively show when the applicable statute of limitations began to run on Khalaf's causes of action for (1) violation of 42 U.S.C. §§ 1983-1988, (2) tortious interference with a business relationship, and (3) promissory estoppel, it was error to dismiss this action.
Accordingly, we reverse the trial court's order and remand for further proceedings.[1]
REVERSED and REMANDED.
DAUKSCH and PETERSON, JJ., concur.
W. SHARP, J., concurs without participation in oral argument.
NOTES
[1] Although the City of Holly Hill raised several additional issues in its motion to dismiss, we decline to expand our review to those issues because they have not yet been addressed by the trial court. See State v. Rawlins, 623 So.2d 598, 601 (Fla. 5th DCA 1993).