678 So.2d 917 (1996)
Sally JELENC and David Jelenc, Her Husband, Appellants,
v.
Charles B. DRAPER, d/b/a Draper Law Offices, etc., Appellee.
No. 95-2430.
District Court of Appeal of Florida, Fifth District.
August 30, 1996.
*918 Michael S. Schwartzberg of Schwartzberg & Witt, P.A., St. Petersburg, for Appellants.
McVay Voght and Lawrence H. Kolin of Hannah, Marsee & Voght, P.A., Orlando, for Appellee.
GOSHORN, Judge.
Sally and David Jelenc appeal the order dismissing their complaint with prejudice. They contend that contrary to the court's finding, their complaint alleging professional malpractice against Charles Draper, d/b/a Draper Law Office, was not shown to be time barred. We agree and reverse.[1]
The complaint, filed February 15, 1995, alleges that the Jelencs retained Draper's services in a personal injury action. Draper assigned the case to his associate, Frein. As to Frein's activity on their case, the Jelencs alleged:
Commencing in 1990, Joseph Frein misrepresented to the Plaintiffs that he had commenced legal proceedings on their behalf. In January, 1992, Joseph Frein represented to Sally Jelenc that her deposition had been scheduled by the defendant's insurer for the end of February 1992. In February 1992, Joseph Frein sent to Plaintiffs a set of interrogatories purportedly served upon him by defendant's counsel. In mid-1992 Joseph Frein represented to Plaintiffs that a trial had been scheduled for a period commencing on January 25, 1993. For a period of several months, between September and November, 1992, Plaintiffs made repeated telephone calls to Defendant which calls were never returned. It was not until December 1992, that the Defendant informed Plaintiffs that Mr. Frein had been discharged from the firm and had entered an alcoholics rehabilitation program.
The complaint further alleged:
On or about February 15, 1993, the Defendant wrote to Plaintiffs advising them that he was terminating his representation of their interests despite the fact that Plaintiffs had no other attorney, had not discharged the Defendant and were faced with a statute of limitations which was to expire in July, 1993.
Draper moved for dismissal of the complaint asserting, inter alia, that the suit was time barred:
4. Furthermore, the present action was filed outside the statute of limitations for professional malpractice. Pursuant to § 95.11(4)(a), Florida Statutes (1993), an action for professional malpractice must commence within two years of the time the cause of action is discovered. Joseph Frein was discharged from his position with the Defendant, CHARLES B. DRAPER d/b/a/ DRAPER LAW OFFICE f/d/ b/a DRAPER AND DRAPER, in December of 1992. This action was filed over two years later in February of 1995. As such, it falls outside the statute and should be dismissed.
Paragraph 95.11(4)(a), Florida Statutes (1995) provides a two year statute of limitation for professional malpractice actions, with the period of limitation running "from the time the cause of action is discovered or should have been discovered with the exercise of due diligence." If the face of a complaint affirmatively and clearly shows that the action is time barred, a motion to dismiss may properly be entertained. Alexander *919 Hamilton Corp. v. Leeson, 508 So.2d 513 (Fla. 4th DCA 1987); Hofer v. Ross, 481 So.2d 939 (Fla. 2d DCA 1985). If the face of the complaint does not show the cause is time barred, but the defendant wishes to challenge the suit on that basis, the defendant must raise the affirmative defense of statute of limitations in his answer. Fla. R. Civ. P. 1.110(d); Warwick v. Post, 613 So.2d 563 (Fla. 5th DCA 1993).
The face of the instant complaint does not reflect a date showing when the Jelencs knew or should have known of the asserted malpractice. The fact that the Jelencs found out in December, 1992, that Draper had discharged Frein does not demonstrate when the Jelencs knew or should have known Frein had acted negligently with respect to their case, nor does it provide a date from which it could be determined that the Jelencs either knew or should have known that Draper had negligently supervised Frein. Frein could have been discharged for any number of reasons. Knowledge of Frein's discharge is not synonymous with knowledge of a cause of action for professional malpractice.
The same is true of the assertion that "[c]ommencing in 1990, Joseph Frein misrepresented to the Plaintiffs that he had commenced legal proceedings on their behalf." The allegation only sets the time frame for the act of misrepresentation; it does not provide any inference of when the Jelencs either discovered, or should have discovered, the deceit. Likewise, nothing in the complaint reveals when the Jelencs learned, or should have learned, that their case had been mishandled. While it alleges the facts supporting the cause of action, the complaint does not shed light on when the Jelencs acquired knowledge of those facts. Whether they should have learned sooner is not apparent from the face of the complaint.
Because the complaint does not indicate that the applicable statute of limitations bars the action, Draper should have raised that defense in his answer. The burden would then have shifted to the Jelencs to amend their complaint to negate the affirmative defense. Upon remand, Draper may proceed pursuant to Florida Rule of Civil Procedure 1.110(d) if he wishes to attack the complaint as being time barred.
REVERSED and REMANDED.
COBB J., concurs.
HARRIS, J., concurs specially, with opinion.
HARRIS, Judge, concurring specially:
While I concur with the majority in its handling of the statute of limitations problem as it relates to the action against the law firm, I am concerned as to whether the plaintiffs have stated a cause of action for legal malpractice cognizable by the circuit court.
It is true that if the firm's assigned attorney committed the acts as alleged, legal malpractice occurred. But the damage listed in the complaint simply does not appear to justify a "good faith" allegation of the circuit court's minimum monetary jurisdiction.[1]
It is alleged that because of the fraudulent misrepresentations of the assigned lawyer, plaintiffs were put to the unnecessary expense of an airfare to Florida (from Wisconsin) as well as medical treatment and services incurred at the insistence of the assigned lawyer. Although perhaps not impossible, it is highly doubtful that these expenses, standing alone, will reach the $15,000 minimum jurisdiction of the circuit court. It is doubtful that plaintiffs even contend that these damages alone will confer jurisdiction. It appears that the plaintiffs are relying on their third element of claimed damages in order to justify their jurisdictional allegation. That is, their "loss of damages and compensation which plaintiffs would have otherwise obtained" had their action entrusted to the law firm been properly pursued.
It is for this claim of damages that I believe plaintiffs have failed to state a cause of action. Plaintiffs alleged that after the law firm terminated its services to them, they still had some five months before the statute of limitations ran against the tortfeasor in their original suit. They do not explain in this action why they did not pursue *920 their original action through substitute counsel. There are no allegations in the present action that the defendant law firm, by its conduct, prevented them from successfully pursuing their action against the original tortfeasor.[2] So far as we can tell from the present record, the assigned attorney, because of his "condition", may have accepted a case with so little merit that no other lawyer would take it. In a legal malpractice action seeking "lost damages", one of the elements that the plaintiff must allege and prove is that he would have recovered such damages in the action entrusted to the lawyer but for the negligence of the lawyer. See Bolves v. Hullinger, 629 So.2d 198 (Fla. 5th DCA 1993). In the present case, at least insofar as the pleadings before us now indicate, the plaintiffs decided not to pursue their action against the tortfeasor and they appear to be unable to prove this necessary element. Unless plaintiffs can amend their complaint to justify a claim for lost damages, their recovery will be limited to the unnecessary cost incurred because of the conduct of the assigned lawyer. In such event, the county court (and perhaps the small claims division of the county court) appears to be the appropriate forum.
NOTES
[1] The Jelencs alternatively argue that even if dismissal was proper, it should have been without prejudice to allow them the opportunity to amend their complaint. While our disposition of the case moots this claim, we note that we would not have been able to address the claim because the record does not disclose that the Jelencs ever requested the opportunity to amend, and thus, the issue was not preserved for appellate review.
[1] In determining whether jurisdictional amount for circuit court is met, valuation fixed by the pleadings is to be accepted as true if made in good faith and not for the illusory purpose of conferring jurisdiction. Neumann v. Brigman, 475 So.2d 1247 (Fla. 2d DCA 1985).
[2] Although plaintiffs allege that the attorney failed "to make inquiry of and investigate the site of the incident" and failed to take photographs of and inspect the "apparatus and equipment" that covered plaintiffs' injury, there is no allegation that such investigation and photographs, if necessary, could not have been done later. And there is no indication that the "known witnesses" were not still available after the law firm withdrew from the case.