BLUE, Judge.
Gina Frances Perry, as personal representative of the estate of Guy C. Perry, appeals the trial court’s orders dismissing with prejudice her complaint against Quik Care of Florida, Inc., and Linda Ann Schlumbrecht, M.D. The trial court determined that the complaint stated claims based on wrongful death, rather than medical malpractice, and accordingly dismissed the complaint as time-barred by the statute of limitations. As to Quik Care, we reverse; as to Dr. Schlumbrecht, we dismiss the appeal.
Although these cases were not consolidated on appeal, we review them together because they arise from the same incident and involve similar issues. However, we are compelled to dismiss the appeal involving Dr. Schlumbrecht because a count between the parties, arising out of the same incident, remains pending in the circuit court. Accordingly, we lack jurisdiction over this non-appealable, nonfinal order, and therefore appeal number 98-00095 is dismissed. See S.L.T. Warehouse Co. v. Webb, 304 So.2d 97 (Fla.1974). There are no pending counts between Perry and Quik Care and therefore we have jurisdiction over that appeal.
Following the untimely death of Guy Pei'-ry, his estate pursued its complaint against Quik Care and Dr. Schlumbrecht, complying with all the statutory requirements of the Medical Malpractice Act, chapter 766, Florida Statutes (1993). After the complaint was filed, the defendants moved to dismiss on the basis that the complaint alleged wrongful death due to simple negligence, as opposed to medical malpractice, and was barred by the applicable two-year wrongful death statute of limitations. The defendants relied on Silva v. Southwest Florida Blood Bank, Inc., 601 So.2d 1184 (Fla.1992), and Lynn v. Mount Sinai Medical Center, Inc., 692 So.2d 1002 (Fla. 3d DCA 1997). It was the defendants’ position that although the plaintiffs cause of action arose out of an incident that occurred at a medical care facility, the incident did not involve a “medical service” and therefore the complaint alleged simple negligence.
The question involved in this appeal is not whether the incident, as alleged, involved potential medical malpractice or simple. negligence. The question is whether the amended complaint states a cause of action for medical malpractice. A motion to dismiss for failure to state a cause of action is not a substitute for a motion for summary judgment, and in ruling on such a motion the trial judge is confined to a consideration of the allegations found within the four corners of the complaint. See Thompson v. Martin, 530 So.2d 495, 496 (Fla. 2d DCA 1988). Further, “all material allegations of the complaint are taken as true, and the court is not permitted to speculate as to whether the allegations will ultimately be proven.” Maciejewski v. Holland, 441 So.2d 703, 704 (Fla. 2d DCA 1983).
Although the plaintiffs complaint was not a model pleading, we find that it adequately stated the plaintiffs chosen cause of action for medical malpractice. Because the statute of limitations was properly tolled by provisions of the Medical Malpractice Act, the complaint was timely filed and was, therefore, improperly dismissed. While the complaint survives the motion to dismiss as to what cause of action was pleaded, we point out that the plaintiff agreed the complaint was in need of amendment.
Accordingly, the dismissal as to Quik Care is reversed and the case is remanded for further proceedings. Appeal number 98-00095 involving Dr. Schlumbrecht is dismissed.
THREADGILL, A.C.J., and CASANUEVA, J., Concur.