736 So.2d 146 (1999)
Marion AMBROSE, f/k/a Marion Pellicano, Appellant,
v.
CATHOLIC SOCIAL SERVICES, INC., etc., Appellee.
No. 98-2631.
District Court of Appeal of Florida, Fifth District.
July 2, 1999.
*147 Cass W. Christenson and Louis M. Silber of Lewis, Vegosen, Rosenbach, Silber & Dunkel, P.A., West Palm Beach, Bennett Cohn, Tesuque, New Mexico, for Appellant.
Robert J. Pleus, Jr., and Stacey L. Cole of Akerman, Senterfitt & Eidson, P.A., Orlando, for Appellee.
ANTOON, C.J.
The trial court dismissed with prejudice Marion Ambrose's five-count complaint against Catholic Social Services, Inc. (CSS), concluding that her action was barred by Florida's statute of repose and statute of limitations.[1] We reverse because the allegations set forth in Ms. Ambrose's complaint do not establish, as a matter of law, that her claims are time-barred.
Ms. Ambrose's complaint explained that, in June 1985, she completed an application to adopt a child through CSS. In the application, Ms. Ambrose specifically indicated that she did not want to adopt a special needs child. A child was born on July 31, 1985. On August 6, 1985, the child's biological father reported his medical history to CSS using a five-page form provided to him by CSS. On the first page of the form the father described his current health condition as being "very good." The final three pages of the form set forth a list of medical conditions, and the instructions directed the father to indicate whether he or a genetic relative suffered from any of the *148 listed conditions by checking either "yes" or "no." Additional space was provided for the father to supplement his answers with comments. One of the conditions listed on the form was manic depression. The father entered both a check mark and a question mark under the "yes" column relating to this condition. In the space for comments he wrote "mild, self analysis." The next day CSS sent the father's medical history form to the child's pediatrician with a cover letter stating: "There are no known hereditary diseases in the background."
Less than a week later, on August 12, 1985, CSS placed the child with Ms. Ambrose for adoption pending formal court approval. Prior to the entry of the final judgment of adoption, CSS provided the trial court with a health background report which did not include a reference to the father's statement regarding manic depression. The final judgment of adoption was entered by the court in October 1986.
Without referencing a specific date, the complaint alleged that after the 1986 adoption the child "began to show serious emotional and psychological symptoms and problems" which required extensive medical treatment. In response to these problems, Ms. Ambrose sought from CSS disclosure of additional health information regarding the child's biological parents. In February 1991, CSS sent Ms. Ambrose a revised medical history which included a reference to the biological father's answer to the question regarding manic depression. Again without alleging a specific date, the complaint stated that "subsequent to the revised disclosure [Ms. Ambrose] spoke with the biological mother, who confirmed that the biological father and his family had a history of mental illness." After receipt of this information, the child was diagnosed as suffering from bipolar disorder.
In July 1998, Ms. Ambrose filed suit seeking money damages, alleging that CSS placed the child with Ms. Ambrose without disclosing to her that the child's biological father had reported to CSS that he believed that he suffered from manic depression. The complaint further alleged that Ms. Ambrose was injured by this failure to disclose because she adopted a child who was later diagnosed as suffering from bipolar disorder, and she would not have adopted the child had she been informed of the biological father's medical history.[2]
Ms. Ambrose divided her claims for relief into five counts: count Ifraudulent misrepresentation/concealment; count IInegligent misrepresentation/failure to disclose; count IIIbreach of fiduciary duty; count IVintentional infliction of emotional distress; and count Vnegligent failure to investigate/warn. She properly recognizes that counts I, II, III, and IV allege fraudulent conduct and count V alleges negligence.
CSS filed a motion to dismiss the complaint arguing that dismissal was warranted because 1) the fraud claim was barred by Florida's twelve-year statute of repose and four-year statute of limitations, and 2) the negligence claim was barred by Florida's four-year statute of limitations. After conducting a hearing on the motion, the trial court dismissed Ms. Ambrose's complaint explaining:
Based upon the allegations of the Complaint, and the exhibits attached thereto, the Plaintiffs cause of action arose more than four (4) years prior to the filing of the Complaint, and the alleged fraud occurred more than twelve (12) years before the filing of the Complaint. As such the Complaint is barred by the statute of limitations and the statute of repose. The doctrine of fraudulent concealment *149 of the cause of action to delay the accrual of the cause of action, or otherwise toll the running of the statute of limitations, does not apply to this action given the Florida Supreme Court's decision in Fulton County Administrator v. Sullivan, 22 Fla. L. Weekly S578, ___ So.2d ___, 1997 WL 589312 (Fla.1997), as followed by Hearndon v. Graham, 710 So.2d 87, 92 (Fla. 1st DCA 1998).
This dismissal was with prejudice.
In reviewing this ruling we recognize first that ordinarily the statute of limitations should be raised as an affirmative defense. See Jelenc v. Draper, 678 So.2d 917, 919 (Fla. 5th DCA 1996); see also Khalaf v. City of Holly Hill, 652 So.2d 1246, 1247 (Fla. 5th DCA 1995). Only under extraordinary circumstances where the facts in the complaint, taken as true, conclusively show that the action is barred by the statute of limitations, should a motion to dismiss on this ground be granted. Id. Thus, notwithstanding the many interesting collateral issues presented in this appeal, the scope of our appellate review is narrow. Our only focus is whether the factual allegations set forth in Ms. Ambrose's complaint establish that her claims of fraud and negligence are barred by Florida's statute of repose or statute of limitations.

FRAUD CLAIMS
We first address the trial court's conclusion that Florida's statute of repose, section 95.031(2), Florida Statutes (1997), bars Ms. Ambrose's claims of fraud. The statute provides that "an action for fraud under s. 95.11(3) must be begun within 12 years after the date of the commission of the alleged fraud, regardless of the date the fraud was or should have been discovered." Id.
CSS argues that, for purposes of the statute of repose, the alleged fraud was committed by CSS no later than August 1985, the date when CSS sent the biological father's medical history to the child's pediatrician with a cover letter stating that "[t]here are no known hereditary diseases in the background." According to CSS, Ms. Ambrose's fraud claims are time-barred because the complaint was filed more than twelve years after the letter was sent. This argument fails because the complaint did not allege that CSS's duty to disclose the father's medical history ended in August 1985, but instead, averred that the duty continued through October 1986 when the adoption was approved by the circuit court.[3] Based upon this averment, Ms. Ambrose had until October 1998 to file suit alleging fraud. Her July 1998 complaint was thus timely filed.
The next question is whether Ms. Ambrose's claims of fraud are barred under Florida's four-year statute of limitations relating to fraud, section 95.11(3)(j), Florida Statutes (1997). This four-year period begins to run "from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence". See § 95.031(2), Fla. Stat. (1997); see also First Federal Savings & Loan Ass'n of Wisconsin v. Dade Federal Savings & Loan Ass'n, 403 So.2d 1097, 1100 (Fla. 5th DCA 1981). Thus, in relation to this case, the four-year limitation period began to run on the date that Ms. Ambrose knew or should have known of CSS's alleged misrepresentation regarding the biological father's medical history.
CSS argues that the alleged misrepresentations upon which Ms. Ambrose bases her claims were known to her in February 1991, when she received from CSS the revised summary of the biological father's medical history. Applying this reasoning, CSS contends that the four-year statute of limitations period had long passed by the time Ms. Ambrose filed her complaint in July 1998. However, the complaint alleged that, through the use of due diligence, Ms. Ambrose was unable to know *150 that CSS failed to disclose relevant medical information until April 1998 when the father's completed medical history form was discovered in CSS's adoption file. Additionally, the complaint alleged that CSS had led Ms. Ambrose to believe that it had learned of the biological father's disorder a short time before the February 1991 revised disclosure. These allegations are sufficient to raise the issue of whether Ms. Ambrose's cause of action for fraud accrued in April 1998. Thus, dismissal of this claim as time-barred by Florida's four-year statute of limitations was also improper.

NEGLIGENCE CLAIM
The statute of limitations for negligence is four years. See § 95.11(3)(a), Fla. Stat. (1997). "`[T]he event which triggers the running of the statute of limitations is notice to or knowledge by the injured party that a cause of action has accrued in his favor, and not the date on which the negligent act which caused the damages was actually committed.'" Edwards v. Ford, 279 So.2d 851, 853 (Fla.1973) (quoting Downing v. Vaine, 228 So.2d 622 (Fla. 1st DCA 1969)). See Peat, Marwick, Mitchell & Co. v. Lane, 565 So.2d 1323, 1325 (Fla. 1990).
The instant complaint alleged that Ms. Ambrose's child suffers from manic depression and that Ms. Ambrose would not have adopted the child had she been informed by CSS of the father's medical history. The complaint further alleged that in the time period between the adoption in 1986 and January 1991 the child began to demonstrate serious emotional and psychological symptoms and problems which required extensive medical care and treatment. In an effort to address the child's worsening condition, Ms. Ambrose contacted CSS in January 1991 to obtain all relevant medical information. In February 1991, CSS sent Ms. Ambrose a revised medical history which contained the biological father's reference to manic depression. The complaint stated that
[s]ubsequent to the Revised Disclosure, MARION AMBROSE spoke with the birth mother, who confirmed that the birth father and his family had a history of mental illness. Thereafter, and based in part on the birth father's history of mental illness, [the child] was diagnosed with bipolar disorder, a/k/a manic depression, among other things.
These allegations establish that Ms. Ambrose knew or should have known that CSS may have been negligent in failing to adequately investigate the biological father's medical history as early as February 1991 when she received the revised medical history. However, the allegations do not establish when Ms. Ambrose knew or should have known that her injury might have been caused by CSS's negligence because the allegations do not establish when Ms. Ambrose possessed sufficient knowledge to be able to associate CSS's negligent failure to investigate the father's medical history with her child's emotional and psychological condition. Instead, the complaint merely stated that the child was diagnosed with manic depression "subsequent" to February 1991. Therefore, the trial court erred in dismissing Ms. Ambrose's negligence claim because the complaint does not conclusively show that Ms. Ambrose knew or should have know that a cause of action accrued in her favor more than four years before the date that the complaint was filed. See Edwards, 279 So.2d at 853; see also Khalaf, 652 So.2d at 1247.

CONCLUSION
We reverse the trial court's dismissal of Ms. Ambrose's complaint because the facts alleged in the complaint do not establish, as a matter of law, that the applicable statute of repose and statute of limitations period expired prior to the filing of the complaint.
REVERSED and REMANDED.
COBB and GRIFFIN, JJ., concur.
NOTES
[1] §§ 95.031(2); 95.11, Fla. Stat. (1997).
[2] In other jurisdictions, similar causes of action have been referred to as "wronged adoptions" or "wrongful adoptions." See Wolford v. Children's Home Society of West Virginia, 17 F.Supp.2d 577 (S.D.W.V.1998); see also Gibbs v. Ernst, 538 Pa. 193, 202, 647 A.2d 882, 886 (1994) (noting that "causes of action for wrongful adoption are no more than an extension of common law principles to the adoption setting").
[3] See § 63.082, Fla. Stat. (1985).