764 So.2d 790 (2000)
Johnie A. McLEOD and Eloise W. McLeod, Appellant,
v.
Michael H. BARBER, et al., Appellees.
No. 5D98-3397.
District Court of Appeal of Florida, Fifth District.
July 21, 2000.
Rehearing Denied August 16, 2000.
*791 Jack B. Nichols, Orlando, for Appellant.
Vivian P. Cocotas of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Orlando, for Appellee Barber.
Daniel C. Brown and Alan Harrison Brents of Katz, Kutter, Haigler, Alderman, Bryant & Yon, P.A., Tallahassee, for Appellee The Prudential Insurance Company of America.
PER CURIAM.
The McLeods filed suit against Mr. Barber and Prudential alleging misconduct on the part of Prudential and its agents, including Mr. Barber, in their efforts to sell life insurance to the McLeods. The claims against Mr. Barber all sounded in tort, while the claims against Prudential raised both tort and breach of contract issues. Mr. Barber and Prudential filed separate motions to dismiss the complaint. Upon review, the trial court dismissed with prejudice all claims against Mr. Barber and dismissed with prejudice all direct and vicarious liability tort claims against Prudential. The McLeods' breach of contract claims remain pending against Prudential.
The McLeods appeal, arguing that the trial court erred in dismissing their tort claims. We affirm in part and reverse in part, discussing the claims against each party separately.

DISMISSAL OF TORT CLAIMS AGAINST MR. BARBER
The McLeods first contend that the trial court erred in dismissing count II of their *792 complaint which asserted a claim of fraud against Mr. Barber. The trial court dismissed this count, ruling that the fraud claim was barred by Florida's statute of repose, statute of limitations, and economic loss rule.
Florida's statute of repose, set forth in section 95.031(2), Florida Statutes (1997), requires that an action for fraud must be instituted within 12 years after the date of the commission of the alleged fraud.[1] In their complaint, the McLeods averred that Mr. Barber's fraudulent conduct initially occurred in 1981 and continued to occur through 1996. Based on this pleading, the November 1996 filing of the McLeods' initial complaint was sufficient to avoid Mr. Barber's statute of repose defense. See Ambrose v. Catholic Soc. Servs., Inc., 736 So.2d 146 (Fla. 5th DCA 1999).
The next question is whether the McLeods' claim of fraud is barred under Florida's four-year statute of limitations, section 95.11(3)(j), Florida Statutes (1997).[2] The defense of statute of limitations is ordinarily an affirmative defense which must be raised in the defendant's answer. See Jelenc v. Draper, 678 So.2d 917, 919 (Fla. 5th DCA 1996). Thus, "`only in extraordinary circumstances where the facts constituting the defense affirmatively appear on the face of the complaint and establish conclusively that the statute of limitations bars the action as a matter of law, should a motion to dismiss on this ground be granted.'" Khalaf v. City of Holly Hill, 652 So.2d 1246, 1247 (Fla. 5th DCA 1995) (quoting Rigby v. Liles, 505 So.2d 598, 601 (Fla. 1st DCA 1987)).
Mr. Barber acknowledges that the McLeods' complaint avers that their fraud claim accrued on October 7, 1996, the date they received confirmation from Prudential that their 1981 and 1983 insurance policies had lapsed. However, he argues that on the face of the complaint it is evident that the McLeods were "on notice" as late as 1985 that their policies were not performing as had been represented and thus their cause of action accrued more than ten years before they filed their initial complaint in November 1996. We disagree. The face of the instant complaint does not conclusively show that Mr. Barber's fraudulent conduct was or should have been discovered by the McLeods within four years prior to the date they filed their complaint. On the contrary, the complaint avers that all of the elements of fraud did not occur until at least October 7, 1996. The complaint was filed one month later. Based upon these facts, the trial court's ruling that Florida's statute of limitations bars the McLeods' fraud claim against Mr. Barber must also be reversed.
As for the trial court's third reason for dismissing the McLeods' fraud claim, application of Florida's economic loss rule, the law is clear that the economic loss doctrine does not apply to tort claims where there is no contractual relationship between the parties. See Williams v. Bear Stearns & Co., 725 So.2d 397 (Fla. 5th DCA 1998), rev. denied, 737 So.2d 550 *793 (Fla.1999). Here, since the complaint does not aver that Mr. Barber had a contractual relationship with the McLeods, Florida's economic loss rule cannot form a valid basis for dismissal. Having found no basis to affirm the trial court's dismissal of count II, we must reverse the dismissal and remand for further proceedings thereon.
The McLeods also contend that the trial court erred in dismissing count IV of their complaint which alleged a claim against Mr. Barber for conspiracy to commit fraud and deceit. Our courts have ruled that, since a corporation is a legal entity which can only act through its agents and employees, a corporation cannot conspire with its own agents or employees unless the co-conspiring corporate agents are alleged to possess a personal stake in achieving the object of the conspiracy which is separate and distinct from the corporation's interest. See St. Petersburg Yacht Charters, Inc. v. Morgan Yacht, Inc., 457 So.2d 1028, 1040 n. 4 (Fla. 2d DCA 1984); see also Rivers v. Dillards Dep't Store, Inc., 698 So.2d 1328, 1332 (Fla. 1st DCA 1997). Review of the instant complaint reveals that there is no allegation set forth therein that Mr. Barber ever acted individually at the times material, nor is it alleged that he possessed an independent personal stake in achieving the object of the conspiracy. Accordingly, we affirm the trial court's decision to dismiss with prejudice count IV of the McLeods' complaint.

DISMISSAL OF TORT CLAIMS AGAINST PRUDENTIAL
The McLeods further challenge the trial court's ruling which dismissed with prejudice all of their tort claims against Prudential. In addressing this issue, we must first determine whether this court possesses jurisdiction to review this ruling in light of the fact that the McLeods' breach of contract claims are still pending against Prudential in the trial court.
The dismissal of one or more but not all counts of a multi-count complaint is a non-final ruling from which a direct appeal can not be taken. See Venezia A, Inc. v. Askew, 314 So.2d 254 (Fla. 1st DCA 1975); see also Perry v. Schlumbrecht, 724 So.2d 1239 (Fla. 2d DCA 1999); Coletti v. Aultman Constr. Co., 631 So.2d 382 (Fla. 3d DCA 1994). Application of this case law to the instant facts indicates that this court lacks jurisdiction to review by direct appeal the trial court's ruling dismissing the McLeods' tort claims against Prudential since the court retained jurisdiction over the pending related breach of contract claims. Prudential acknowledges that the trial court's ruling is not directly appealable, yet argues that certiorari review of the dismissal order is warranted.
Certiorari review of a non-final ruling is permissible where the ruling results in a material injury which cannot be corrected on direct appeal. See Beekie v. Morgan, 751 So.2d 694 (Fla. 5th DCA 2000). In determining whether any "material injury" would occur if we were to decline to address the dismissal of the McLeods' tort claims against Prudential, we considered the McLeods' claim that "there is a high probability that inconsistent judgments will occur on the same set of facts and the same law in the same case if this court does not consider the [dismissal of] Prudential at the same time this appeal is being considered against Barber." We conclude that certiorari review is proper over the trial court's dismissal of the fraud and conspiracy claims as they relate to Prudential because those exact same claims were at issue in the Barber appeal. See Garrison Retirement Home Corp. v. Hancock, 484 So.2d 1257 (Fla. 4th DCA 1985).
The trial court dismissed count III of the McLeods' complaint which asserted a claim of fraudulent inducement against Prudential, ruling that the claim was barred by Florida's statute of repose, statute of limitations, and economic loss rule. With respect to the application of *794 Florida's statute of repose and statute of limitations, our earlier discussion which rejected these defenses as raised by Mr. Barber is controlling because the averments set forth in count III of the complaint allege that Prudential's fraud also continued through October 1996. Furthermore, Florida's economic loss rule cannot form a valid basis for affirming the court's dismissal order because claims of fraudulent inducement are not barred by Florida's economic loss rule. See HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So.2d 1238 (Fla.1996). Accordingly, we reverse the trial court's dismissal of count III and remand for further proceedings thereon.
The McLeods lastly contend that the trial court erred in dismissing count IV of their complaint which alleged a claim against Prudential for conspiracy to commit fraud and deceit. As discussed earlier, the instant complaint does not contain any allegation that Mr. Barber ever acted individually at the times material, nor does it allege that he had an independent personal stake in achieving the object of the conspiracy. As a result, the trial court properly dismissed the McLeods' conspiracy claim against Prudential. See St. Petersburg Yacht Charters, Inc. v. Morgan Yacht, Inc., 457 So.2d 1028, 1040 n. 4 (Fla. 2d DCA 1984); see also Rivers v. Dillards Dep't Store, Inc., 698 So.2d 1328, 1332 (Fla. 1st DCA 1997).

CONCLUSION
We affirm the trial court's ruling dismissing with prejudice count IV of the McLeods' complaint which alleged a claim of conspiracy against Mr. Barber and Prudential. However, we reverse the dismissal of counts II and III which alleged claims of fraud against Mr. Barber and Prudential. We remand this matter to the trial court for further proceedings.
AFFIRMED in part; REVERSED in part; REMANDED.
COBB and PETERSON, JJ., concur.
SAWAYA, J., concurs, without participation in oral argument.
NOTES
[1] 95.031. Computation of time

* * *
(2)(a) An action for fraud under s. 95.11(3) must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, instead of running from any date prescribed elsewhere in s. 95.11(3), but in any event an action for fraud under s. 95.11(3) must be begun within 12 years after the date of the commission of the alleged fraud, regardless of the date the fraud was or should have been discovered.
§ 95.031, Fla. Stat. (1995).
[2] 95.11. Limitations other than for the recovery of real property

Actions other than for recovery of real property shall be commenced as follows:
* * *
(3) Within four years.
* * *
(j) A legal or equitable action founded on fraud.
§ 95.11(3)(j), Fla. Stat. (1995).