641 So.2d 445 (1994)
HALKEY-ROBERTS CORPORATION, Appellant,
v.
Glenn H. MACKAL, Appellee.
No. 93-03735.
District Court of Appeal of Florida, Second District.
August 12, 1994.
*446 Robert R. Vawter, Jr., of Carlton, Fields, Ward, Emmanual, Smith & Cutler, P.A., Tampa, for appellant.
George E. Nader of Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A., Tampa, for appellee.
PATTERSON, Judge.
Halkey-Roberts Corporation (HRC) appeals from a final summary judgment in favor of its former president, Glenn H. Mackal. We reverse.
HRC is a manufacturer of valves for inflatable products and medical equipment. Hanson Industries has wholly owned HRC since 1987. Mackal was originally hired as an engineer in 1966 when Kidde Corporation owned HRC. In 1972, he became president of HRC, a position he held until he was terminated in 1989.
On August 1, 1991, HRC filed a three-count complaint, charging that Mackal had repeatedly used corporate funds to further his personal, political, and religious interests. The complaint asserted claims for: (I) breach of the fiduciary duty of loyalty; (II) breach of the fiduciary duty of due care; and (III) constructive fraud. Mackal answered and asserted affirmative defenses that he had acted within his authority as president and that HRC had consented to or ratified all of his actions. He later was permitted to amend his answer to assert the additional affirmative defense of the running of the statute of limitations. On September 22, 1993, the trial court granted summary judgment in favor of Mackal based on his affirmative defenses of authority and the statute of limitations.

THE AUTHORITY DEFENSE
The deposition testimony of Leonard Riccardo, Mackal's immediate superior on the corporate ladder, precludes summary judgment based on the defense that Mackal had authority for his actions. Kidde Corporation was HRC's parent company during the majority of the time when Mackal allegedly made improper expenditures of HRC funds. Riccardo testified that Kidde Corporation had a formal corporate policy which applied to Mackal and prohibited the use of company funds, personnel, or property for the personal benefit of employees. He further testified as to specific expenditures set forth in the complaint as being beyond Mackal's authority and in violation of company policy. Since genuine issues of fact exist as to this defense, the granting of summary judgment was error. See Crandall v. Southwest Fla. Blood Bank, Inc., 581 So.2d 593 (Fla. 2d DCA 1991).

*447 THE STATUTE OF LIMITATIONS DEFENSE

In addressing this issue, it is first necessary to identify the causes of action set forth in the complaint and the applicable statute of limitations as to each. Counts I and II are actions for breach of fiduciary duty which is an intentional tort. See Allerton v. State Dep't of Ins., 635 So.2d 36 (Fla. 1st DCA 1994). As such, the four-year statute of limitations applies. § 95.11(3)(o), Fla. Stat. (1991). The discovery rule found in section 95.031(2), Florida Statutes (1991),[1] does not apply to either of these counts.
Count III is an action for constructive fraud.
"Constructive fraud is simply a term applied to a great variety of transactions * * * which equity regards as wrongful, to which it attributes the same or similar effects as those which follow from actual fraud, and for which it gives the same or similar relief as that granted in cases of real fraud," etc. Pomeroy's Eq.Jur. (4th Ed.) § 992.
Douglas v. Ogle, 80 Fla. 42, 85 So. 243, 244 (Fla. 1920). As a recognized species of fraud, constructive fraud is controlled by section 95.11(3)(j), Florida Statutes (1991), a four-year limitations period, and the discovery rule of section 95.031(2) applies. The affidavit of John M. Heijmans, a vice-president of another Hanson Industries subsidiary, states that he conducted an investigation into Mackal's management of HRC on Hanson's behalf, and because of the confused nature of HRC's business records and the fact that some records had apparently been destroyed, he was unable to provide Hanson with facts upon which to base a lawsuit until October 1989. This affidavit raises issues of material fact as to when Mackal's purported misdeeds could or should have been discovered by his superiors, thereby precluding summary judgment as to count III.
In regard to counts I and II, HRC contends that Mackal's behavior constituted continuing torts, for which the limitations period runs from the date the tortious conduct ceases. The continuing torts doctrine is recognized under our state law. See Seaboard Air Line R.R. v. Holt, 92 So.2d 169 (Fla. 1956). The question of whether Mackal's actions constituted continuing torts precludes the granting of summary judgment as to counts I and II. To what extent, if any, the concept applies to this case is an issue for the trier of fact to decide. We also note that the granting of summary judgment as to counts I and II in their entirety was error because several of the complained-of acts are alleged to have occurred within four years preceding the filing of the complaint.
Reversed and remanded.
CAMPBELL, A.C.J., and FULMER, J., concur.
NOTES
[1] Section 95.031(2), Florida Statutes (1991), provides:

(2) Actions for products liability and fraud under s. 95.11(3) must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, instead of running from any date prescribed elsewhere in s. 95.11(3), but in any event an action for fraud under s. 95.11(3) must be begun within 12 years after the date of the commission of the alleged fraud, regardless of the date the fraud was or should have been discovered.