ALTENBERND, Chief Judge.
Yolanda Forry appeals a final summary judgment in a declaratory judgment action. The judgment declared that Scottsdale Insurance Company had no duty to indemnify or defend its insured nursing home, Tampa Bay Retirement Centers, Inc., in a separate action brought by Ms. Forry. We affirm the final summary judgment because there was no genuine issue of material fact regarding whether Scottsdale Insurance Company’s policy provided coverage for the injuries or damages alleged by Ms. Forry in the underlying action.
Ms. Forry, as the personal representative of the estate of Jodi Diane Pulido, filed an action in October 2001 against the nursing home in which Ms. Pulido resided from 1994 until her death on February 14, 2001. The complaint alleged a claim for wrongful death, see § 768.19, Fla. Stat. (2001), and a separate claim for violation of a nursing home resident’s rights, see § 400.023, Fla. Stat. (1993-2001).
Scottsdale Insurance. Company had issued a policy of commercial general liability and professional liability insurance for the nursing home in which Ms. Pulido resided. The policy, however, provided coverage only for the period between July 23, 1994, and July 23, 1995. The commercial liability coverage protected the insured for claims arising out of bodily injury occurring during the policy period. Likewise, the professional liability coverage *1261 protected the insured for claims concerning injury caused by a medical incident that occurred during the policy period.
After receiving notice of Ms. Forry’s complaint, Scottsdale Insurance Company filed this action seeking a declaratory judgment that it had no duty to defend its insured or pay any claim to Ms. Forry concerning her lawsuit. Scottsdale Insurance Company’s complaint was served on Ms. Forry and the insured. The insured did not answer the complaint and a default was entered against it.[1]
After Ms. Forry filed a responsive pleading to the complaint for declaratory judgment, Scottsdale Insurance Company sought a final summary judgment in this action. Both parties filed written memo-randa regarding the motion. Ms. Forry filed a copy of answers to interrogatories in which she detailed the allegations regarding the violations of Ms. Pulido’s nursing home resident’s rights.
At the hearing before the circuit court on the motion for summary judgment, the parties focused much of their argument on whether a “violation of a nursing home resident’s rights” could constitute a continuing tort, such that the statute of limitations did not begin to run until tortious conduct ceased. See, e.g., Halkey-Roberts Corp. v. Mackal, 641 So.2d 445, 447 (Fla. 2d DCA 1994). Thereafter, the circuit court granted Scottsdale Insurance Company’s motion and entered a final summary judgment. In part, the judgment held that the conduct alleged in Ms. For-ry’s complaint did not constitute a continuing tort. The judgment also declared that Ms. Forry had not alleged a claim invoking the coverage of Scottsdale Insurance Company’s policy, and therefore Scottsdale Insurance Company had no duty to defend or indemnify the insured in the action.
We affirm the circuit court’s declaratory judgment that Scottsdale Insurance Company has no duty to defend or indemnify its insured in the action brought by Ms. Forry, albeit based on narrower reasoning than that employed by the circuit court. We conclude that the issue of whether a violation of a nursing home resident’s rights constitutes a continuing tort is not material to the resolution of this action for declaratory judgment. Here, Ms. Forry’s allegations mention that the decedent first became a resident in the nursing home in 1994, but the allegations do not describe any bodily injury or relevant medical incident occurring in that time period. As detailed in the answers to interrogatories that Ms. Forry provided, the relevant incidents occurred from 1996 to 2001. There was no other evidence in the record that any relevant event or injury took place during the period of time when Scottsdale Insurance Company’s policy provided coverage. Thus, even if a violation of a nursing home resident’s rights can be classified as a continuing tort, any tort in this case did not occur or begin until after the end of the period of coverage provided by the insurance issued by Scottsdale Insurance Company.[2] On this basis, we affirm the final summary judgment.
Affirmed.
WHATLEY and LaROSE, JJ., Concur.

. The insured has not participated in this appeal.

. As a result, whether the continuing tort doctrine would allow Ms. Forry to pursue a claim for damages based upon some incidents oc *1262 curring more than four years prior to the filing of her action is a matter which may still be addressed in Ms. Forty’s action against the insured.