[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11359
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 28, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:08-cv-03451-WSD

JANET ADAMS,

Plaintiff-Appellant,

versus

FULTON COUNTY, GEORGIA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 28, 2010)

Before EDMONDSON, BLACK and MARTIN, Circuit Judges.

PER CURIAM:

Janet Adams appeals the district court's grant of summary judgment in favor of Fulton County (County) in her employment discrimination suit claiming race and gender discrimination under 42 U.S.C. §§ 1981 and 1983.  Adams claims the district court erred in finding she did not establish pretext in response to the County's proffered legitimate, non-discriminatory reasons for failing to promote her to Deputy Director of Fulton County Department of Health (Department).  After review,[1] we affirm the district court's order granting the County's motion for summary judgment.

Adams claims she is the more qualified candidate for the position based in part on prior positions held within the Department, including her experience as interim Deputy Director.  She also contends the deviation from the standard hiring procedure was sufficient evidence of pretext and created a leeway for the promotion of another candidate, raising a genuine issue of material fact.  Finally, Adams argues her supervisor, Dr. Steven Katkowsky, had sole authority in the

---

[1]We review a district court's grant of summary judgment *de novo*, applying the same legal standard used by the district court.  *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008).  If the movant for summary judgment satisfies the burden of production showing there is no genuine issue of material fact, "the nonmoving party must present evidence beyond the pleadings showing that a reasonable jury could find in its favor."  *Id*. at 1343 (internal quotations omitted).  The evidence is viewed in the light most favorable to the nonmoving party.  *Id*.

hiring and termination of employees within the Department, and as a result, the County is liable under § 1983.[2]

Section 1981 protects individuals from racial discrimination during the making of contracts and creates a federal right of action. *Webster v. Fulton County, Ga.*, 283 F.3d 1254, 1256 (11th Cir. 2002); 42 U.S.C. § 1981(a). Section 1983[3] "provides every person with the right to sue those acting under color of state law for violations of federal constitutional and statutory provisions." *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1299 (11th Cir. 2007).

Both §§ 1981 and 1983 contain the same elements of proof and analytical framework as a Title VII, 42 U.S.C. § 2000e-2, claim in the employment context. *Rice-Lamar v. City of Ft. Lauderdale, Fla.*, 232 F.3d 836, 843 n.11 (11th Cir. 2000). A plaintiff bears the burden of establishing a prima facie case of discrimination supported by circumstantial evidence. *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1174 (11th Cir. 2010) (Title VII claim). If the employer articulates a legitimate, non-discriminatory reason, then the plaintiff, in order to

---

[2]Adams also claims evidence of Dr. Katkowsky's alleged discriminatory animus, by reference to an unrelated suit, is sufficient to raise a jury question as to the County's liability for a constitutional violation under § 1983. Because Adams did not previously raise this argument in the district court, we decline to address it here. *See Blue Cross and Blue Shield of Ala. v. Weitz*, 913 F.2d 1544, 1549-51 (11th Cir. 1990).

[3]Section 1983 provides the sole remedy against state actors for violations of rights contained in § 1981. *Butts v. County of Volusia*, 222 F.3d 891, 892 (11th Cir. 2000).

survive the motion for summary judgment, must show the reason proffered by the defendant was not the true one, but was more likely a pretext for discrimination. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 255-56 (1981).

The plaintiff may demonstrate pretext "by revealing such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in [the employer's] proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." *Springer v. Convergys Customer Mgmt. Group Inc.*, 509 F.3d 1344, 1348 (11th Cir. 2007) (quotation omitted). A plaintiff cannot prove pretext by simply arguing or even by showing that she was better qualified than the individual who received the promotion. *Brooks v. County Comm'r of Jefferson County, Ala.*, 446 F.3d 1160, 1163 (11th Cir. 2006). Further, "[D]isparities in qualifications must be of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." *Cooper v. Southern Co.*, 390 F.3d 695, 732 (11th Cir. 2004) (*overruled in part on other grounds*, *Ash v. Tyson Foods*, 546 U.S. 454 (2006)) (quotations omitted).

An employer's violation of its own normal hiring procedure may be evidence of pretext. *Bass v. Board of County Commissioners, Orange, County, Fla.*, 256 F.3d 1095, 1108 (11th Cir. 2001) (*overruled in part on other grounds*

*Crawford v. Carroll*, 529 F.3d 961 (11th Cir. 2008)).  This is true when an employer disregards all but one of the factors and qualifications generally taken into consideration and relies solely on a factor which is designed to create "leeway" for the promotion of people of a certain race.  *Id*.

Adams failed to present evidence establishing the legitimate, non-discriminatory reasons proffered by the County for promoting a different candidate over her were pretexts for race or gender discrimination.  First,  Dr. Katkowsky provided a number of legitimate reasons for choosing the other candidate over Adams, none of which were shown to be motivated by race or gender.  *See Chapman v. A.I. Transp.*, 229 F.3d 1012, 1034 (11th Cir. 2000) ("A subjective reason is a legally sufficient, legitimate, non-discriminatory reason if the defendant articulates a clear and reasonably specific factual basis upon which it based its subjective opinion.").   Further, Adams failed to demonstrate that no reasonable person could have chosen the other candidate over her for the promotion.  *See Cooper*, 390 F.3d at 732.  Second, even if the interview process was altered, it is merely a scintilla of evidence which does not show the proffered reasons for not promoting Adams were pretexts for discrimination.  There is no evidence to suggest in adding the second round of interviews, the County

disregarded any factors or qualifications and relied on any sole factor in order to create a leeway to hire the other candidate. *See Bass*, 256 F.3d at 1108.

Finally, with respect to Adam's assertion that the County is liable under § 1983, it was reasonable for the district court to deem the failure to show pretext to support her § 1981 race discrimination claim as tantamount to a failure to show intentional gender discrimination as well. *See Lee v. Conecuh County Bd. Of Ed.*, 634 F.2d 959, 962 n.3 (5th Cir. Jan. 1981) (noting that *McDonnell Douglas* factors may be used to establish a prima facie case of intentional race discrimination under § 1983 regardless of whether Title VII is used as a parallel remedy). Accordingly, we affirm the district court's order granting the County's motion for summary judgment.

**AFFIRMED.**