SILBERMAN, Chief Judge.
John Goodwin seeks review of the order dismissing his four-count complaint against Marcus Sphatt and Buygone, Inc., based on the expiration of the statute of limitations. We reverse because the allegations in the complaint do not conclusively establish that the statute of limitations had run on any of Goodwin’s claims.
Goodwin’s complaint alleged that Goodwin, Sphatt, and Buygone, Inc., entered into a business venture that was memorialized in a shareholders’ agreement on November 7, 2005. The agreement was attached to the complaint. Sphatt managed the operation of Buygone, and Goodwin *1094 was to receive a portion of the profits, dividends, and other remuneration from the operation of Buygone once it became profitable. Over the next few years Sphatt kept telling Goodwin that Buygone was not profitable. But the complaint asserted that Buygone quickly became profitable, that Sphatt misrepresented the financial information of the business, and that Goodwin only became aware of Bu-ygone’s profitability when he was informed by the IRS that he owed taxes on income realized through the corporation. Goodwin asked Sphatt for an accounting, but Sphatt refused to provide one.
Goodwin filed the complaint against Sphatt and Buygone on January 3, 2011. The complaint asserted claims for breach of the shareholders’ agreement, breach of fiduciary duty, fraud, and a shareholders’ derivative action. Sphatt and Buygone moved to dismiss the complaint on the basis that the statute of limitations had run on all of Goodwin’s claims. The trial court granted the motion and dismissed the complaint with prejudice. This was error.
Ordinarily, the statute of limitations is raised as an affirmative defense. Ambrose v. Catholic Soc. Servs., Inc., 736 So.2d 146, 149 (Fla. 5th DCA 1999). But the statute of limitations may be raised in a motion to dismiss when the violation is evident from the face of the complaint and its attachments. Brooke v. Shumaker, Loop & Kendrick, LLP, 828 So.2d 1078, 1080. (Fla. 2d DCA 2002). A motion to dismiss should only be granted “under extraordinary circumstances where the facts in the complaint, taken as true, conclusively show that the action is barred by the statute of limitations.” Ambrose, 736 So.2d at 149.
Goodwin’s claims for breach of the shareholders’ agreement and the shareholders’ derivative action are subject to the five-year statute of limitations for “[a] legal or equitable action on a contract, obligation, or liability founded on a written instrument.” See § 95.11(2)(b), Fla. Stat. (2005). The statute of limitations for these causes of action begins to run at the time of the breach. Technical Packaging, Inc. v. Hanchett, 992 So.2d 309, 313 (Fla. 2d DCA 2008). Goodwin’s complaint does not set forth any specific dates to establish when Sphatt allegedly breached the shareholders’ agreement. Rather, it alleges multiple breaches over an unspecified period of time. Because the facts as alleged do not conclusively show that the claims are barred, the trial court erred in granting the motion to dismiss these claims.
Goodwin’s claim for breach of fiduciary duty is subject to the four-year statute of limitations for intentional torts. § 95.11(3)(o); Halkey-Roberts Corp. v. Mackal, 641 So.2d 445, 447 (Fla. 2d DCA 1994). The statute of limitations for such a breach begins to run after the breach and resulting damages. Patten v. Winderman, 965 So.2d 1222, 1224 (Fla. 4th DCA 2007). The complaint alleges various breaches of fiduciary duty, apparently over a period of years. As we previously stated, the complaint does not conclusively establish the dates of the breaches. And there is no specific allegation regarding the dates Goodwin suffered damages as a result of the claimed breaches. Thus, dismissal was not warranted. Furthermore, Goodwin asserts that this was a continuing tort and the statute of limitations would not begin running until the tortious conduct ended. See Halkey-Roberts, 641 So.2d at 447. This assertion presents a factual question that would also preclude dismissal of the complaint. See id.
The fraud claim is also subject to a four-year statute of limitations. See § 95.11(3)(j). The fraud statute of limita *1095 tions begins to run when the plaintiff knew or should have known of the defendant’s misrepresentations. See § 95.0Sl(2)(a); Ambrose, 736 So.2d at 149. Again, dismissal was not warranted because the complaint does not specify when Goodwin knew or should have known of Sphatt’s misrepresentations. And as with the previous claim, Goodwin’s assertion that this was a continuing tort should have precluded dismissal. See Halkey-Roberts, 641 So.2d at 447.
Reversed and remanded.
KELLY and SLEET, JJ., Concur.