[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10271
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cv-14160-JEM

LEANETTE M. TILLIS,
MELISSA A. STEWART,

Plaintiffs-Appellants,

versus

SHERIFF OF INDIAN RIVER COUNTY,
Deryl Loar, Sheriff in his official capacity,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 10, 2015)

Before MARTIN, JULIE CARNES and FAY, Circuit Judges.

PER CURIAM:

Leanette M. Tillis and Melissa A. Stewart, two female Corrections Division Sergeants with the Indian River County Sheriff's Office (IRCSO), appeal the district court's grant of summary judgment in favor of their employer, Sheriff Deryl Loar, in their employment discrimination lawsuit.  Tillis and Stewart brought claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) (Title VII), and the Florida Civil Rights Act, Fla. Stat. § 760.10 (FCRA).  They allege that Loar discriminated against them on the basis of their sex by promoting a male employee, Adam Bailey, to the position of Special Operations Lieutenant instead of one of them.  The district court found that although Tillis and Stewart established a prima facie case of discrimination, Loar articulated a legitimate, nondiscriminatory reason for promoting Bailey.  Because Tillis and Stewart failed to demonstrate a genuine issue of material fact as to whether that reason was pretextual, the district court granted summary judgment.  After careful consideration, we affirm.

## I.

We review de novo a district court's grant of summary judgment, viewing all evidence in the light most favorable to the non-movant.  Owen v. I.C. Sys., Inc., 629 F.3d 1263, 1270 (11th Cir. 2011).  Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

2

Title VII makes it unlawful for certain employers to "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex."  42 U.S.C. § 2000e-2(a)(1).  State law claims brought under the FCRA are governed by the same analytical framework applicable to Title VII claims.  Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998).

When considering a motion for summary judgment on a disparate treatment employment discrimination claim, we utilize the burden-shifting analysis set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973).  Denney v. City of Albany, 247 F.3d 1172, 1182–83 (11th Cir. 2001).  Under McDonnell Douglas, the plaintiff bears the initial burden of presenting sufficient evidence to allow a reasonable jury to determine that she has satisfied the elements of a prima facie case that she has been discriminated against based on her gender.  411 U.S. at 802, 93 S. Ct. at 1824.  If she establishes a prima facie case, the defendant must then articulate a legitimate, nondiscriminatory reason for the employment decision. Id. at 802–03, 93 S. Ct. at 1824.  A defendant's burden to articulate a legitimate, nondiscriminatory reason is "exceedingly light," though an employer may not satisfy its burden by offering a justification which it did not know or consider at the time the decision was made.  Turnes v. AmSouth Bank, NA, 36 F.3d 1057,

3

1061–62 (11th Cir. 1994).  Once the defendant offers a nondiscriminatory reason, the burden shifts back to the plaintiff to show that the defendant's given reason was pretextual.  McDonnell Douglas, 411 U.S. at 804, 93 S. Ct. at 1825.

Here, the district court correctly concluded that Loar articulated a legitimate, nondiscriminatory reason for promoting Bailey instead of Tillis or Stewart.  Loar testified that he based his decision on Bailey's experience and demonstrated ability as Maintenance Sergeant with IRCSO.  He noted Bailey's initiative in proposing that a "supervisor of maintenance" position be created to address the poor conditions at the county prison and the improvements Bailey helped make to the prison that led to its accreditation.  Loar further explained that he picked the person who could perform the duties of the Special Operations Lieutenant position, had performed those duties for three or four years, and would not need on-the-job training.  This reason was not an after-the-fact justification, as Loar had personally witnessed Bailey's experience and initiative prior to promoting him.  See Turnes, 36 F.3d at 1062 (holding that an employer must "produc[e] a reason that was available to it at the time of the decision's making" (emphasis omitted)).  Although Tillis and Stewart stress that Loar did not know that Bailey had credentials superior to their own when he made the promotion decision—because Loar did not learn about some of their qualifications—Loar did not testify that he chose Bailey because his credentials were superior to those of Tillis and Stewart.  Instead, Loar

4

testified that he was positively impressed with the specific credentials Bailey did have. This was enough to satisfy his intermediate burden.

## II.

Because we hold that Loar offered a legitimate, nondiscriminatory purpose for promoting Bailey, in order to survive summary judgment Stewart and Tillis must establish that the purported discriminatory purpose was in fact pretextual. A plaintiff establishes pretext by "com[ing] forward with evidence . . . sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." Combs v. Plantation Patterns, 106 F.3d 1519, 1528 (11th Cir. 1997). If the defendant's nondiscriminatory reason is one that might motivate a reasonable employer, the plaintiff must meet it "head on" and cannot succeed by simply quarrelling with its wisdom. Chapman v. AI Transport, 229 F.3d 1012, 1030 (11th Cir. 2000) (en banc). The inquiry into pretext centers on the defendant's beliefs, not the employee's beliefs or "reality as it exists outside of the decision maker's head." Alvarez v. Royal Atl. Developers, 610 F.3d 1253, 1266 (11th Cir. 2010).

Together with other evidence, an employer's departures from normal policies and procedures can establish pretext. Hurlbert v. St. Mary's Health Care Sys., 439 F.3d 1286, 1299 (11th Cir. 2006). When challenging a promotion decision on the basis of qualifications, the employee must show that "disparities

5

between the successful applicant's and her own qualifications were of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff." Brooks v. Cnty. Comm'n of Jefferson Cnty., Ala., 446 F.3d 1160, 1163 (11th Cir. 2006) (internal quotation marks omitted). However, if an employee supports their discrimination claim on grounds in addition to a qualification disparity, "the disparity need not be so dramatic to support an inference of pretext." Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 772 (11th Cir. 2005) (per curiam). Finally, an employer's inconsistent statements may serve as evidence of pretext sufficient to defeat summary judgment. Howard v. BP Oil Co., 32 F.3d 520, 526 (11th Cir. 1994).

The district court concluded that Tillis and Stewart failed to create a genuine issue of material fact as to whether Loar's reasons for promoting Bailey were pretext for discrimination. To challenge that conclusion on appeal, Tillis and Stewart primarily rely on evidence showing that: (1) the job posting advertised the position as a general corrections lieutenant position and did not list construction and maintenance experience as necessary qualifications; (2) construction and maintenance skills were not tested during the application process; (3) IRCSO did not release its new organizational chart until several weeks after Loar announced Bailey's promotion; (4) Tillis and Stewart ranked first and second, respectively, on the IRCSO promotional list, whereas Bailey ranked third; (5) Loar did not know

6

about Tillis and Stewart's construction and maintenance experience when he promoted Bailey; and (6) Loar did not mention Bailey's credentials in his response to the EEOC. Our review of this information leads us to conclude that it does not establish pretext.

The circumstances and timing of the job posting and promotion are consistent with Loar's assertion that he chose Bailey because of his experience and knowledge. First, unrebutted testimony established that Loar both planned the office reorganization and discussed the Special Operations Lieutenant position with Captain Selby Strickland prior to selecting Bailey, suggesting that the position was not pretextually manufactured after the promotion. Second, the job posting, which was issued while the new organizational chart and position were being developed, listed specific duties relating to construction and maintenance. This supports Loar's explanation for promoting Bailey—who he knew had experience with those duties—even though experience in construction and maintenance was not tested during the evaluation process or listed as a mandatory qualification. The posting was also intended to span any possible openings during the entire 2012 year, and explicitly stated that additional responsibilities could be assigned by IRCSO. This undercuts Tillis and Stewart's argument that the Special Operations Lieutenant position was created just to promote Bailey over them.

The fact that Tillis and Stewart ranked first and second on the promotional list while Bailey ranked third also does not show pretext.  Under IRCSO policy, Loar could select anyone in the top five on the promotional list, and could even request a list of the next five ranked candidates for consideration.  Loar had, at other times, promoted candidates out of rank, and his decision was consistent with IRSCO's policy granting him discretion on who to choose from the promotional list.  We have previously declined to find pretext where, after testing establishes a pool of qualified applicants, an employer uses subjective factors to make a promotion decision instead of the ranking.  See Denney, 247 F.3d at 1185–86.

Beyond the promotions ranking, any disparity in the candidates' qualifications was not significant enough to support a finding of pretext.  Of the three candidates, only Bailey had 3.5 years of experience with IRSCO as a Maintenance Sergeant—a position with accreditation, maintenance, and budgeting duties—conducting many of the same tasks and obligations given to the Special Operations Lieutenant.  In contrast, neither Tillis nor Stewart had "demonstrated to [Loar] that they were interested in running maintenance crews [or] being involved in retro[fiting] the jail."  Bailey would need no on-the-job training, while both Tillis and Stewart admitted they did not have the experience or qualifications necessary for the position.  These facts do not show the type of disparity in qualifications necessary to rebut Loar's explanation.

8

Beyond that, Loar testified that he selected Bailey because of his past performance and experience, and never said that he compared Bailey's qualifications to those of Tillis and Stewart. Thus, Tillis and Stewart cannot successfully rebut Loar's explanation by pointing to his lack of knowledge about their own construction and maintenance experience. See Alvarez, 610 F.3d at 1266 (rejecting a plaintiff's challenge to the factors her employer considered and instead looking only to whether the employer possessed a discriminatory motive). Although it may have been a better business practice to compare Bailey's qualifications to those of other employees on the promotional list, Tillis and Stewart cannot demonstrate pretext by merely challenging the wisdom of Loar's decision not to inquire about their own relevant experience. See Chapman, 229 F.3d at 1030.

Finally, Loar has not provided inconsistent explanations for his promotion decision. In his response to the EEOC's request for information, Loar cited his discretion to pass over the highest-ranked candidate under IRCSO policy. Loar's later deposition testimony offered several additional reasons for choosing to promote Bailey. Tillis and Stewart suggest that Loar's explanation given to the EEOC stands in direct contradiction to his later testimony, and therefore supports a finding of pretext. We cannot agree. Loar's EEOC response stated that any reasons offered for his decision were not exhaustive. Also, though his later

9

explanation was more detailed, it was not fundamentally inconsistent with the fact that IRCSO gave Loar the discretion to promote Bailey even though he was not the highest-ranked candidate.  Using that discretion, Loar decided that Bailey had the characteristics and experience to succeed in the lieutenant position.

We therefore affirm the district court's grant of Loar's motion for summary judgment on the Title VII and FCRA claims.

**AFFIRMED.**