IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RICKY MCALPIN AND ANNA
MCALPIN,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

Appellants,

v.

CASE NO. 1D15-5760

LOUIS ROBERTS, III, IN HIS
OFFICIAL CAPACITY AS
SHERIFF OF JACKSON
COUNTY, FLORIDA,

Appellee.

_____/

Opinion filed July 20, 2016.

An appeal from the Circuit Court for Jackson County.
William L. Wright, Judge.

William Kemper Jennings, DeFuniak Springs, for Appellants.

Jason Vail of Jolly, Peterson & Truckenbrod, P.A, Tallahassee, for Appellee.

PER CURIAM.

The Appellants operate a tube and canoe rental business on the banks of Spring Creek in Marianna, Florida. They sued the Sheriff of Jackson County, complaining that he and his deputies were interfering with the Appellants' business

by unlawfully attempting to enforce a county ordinance limiting glass and Styrofoam containers in Spring Creek. Among other things, the Appellants alleged that the Sheriff's deputies had unlawfully entered the Appellants' property and interfered with "customers in their use of [Appellants'] vessels and other services."

In response, the Sheriff moved to dismiss claiming (1) the Appellants had failed to comply with the pre-suit requirements of section 768.28, Florida Statutes, (2) the complaint failed to allege sufficient facts to determine whether the action was brought within the applicable limitations period, (3) the Appellants lacked standing to seek declaratory or injunctive relief, and (4) the Appellants had failed to include an indispensable party, Jackson County. After a brief hearing on the motion, the trial court ruled for the Sheriff "on all counts, including the standing issue." The court denied the Appellants' request for leave to amend the complaint and entered a short order "find[ing] for the [Sheriff] on all arguments raised" and dismissing with prejudice.

On appeal, the Appellants argue that the trial court abused its discretion by denying leave to amend. We agree. This Court has previously said that dismissal with prejudice "is a severe sanction which should be granted only when the pleader has failed to state a cause of action, and it conclusively appears that there is no possible way to amend the complaint to state a cause of action." Obenschain v. Williams, 750 So. 2d 771, 772-73 (Fla. 1st DCA 2000). The opportunity to amend

should be liberally granted and should not be denied unless the privilege has been abused. Id. at 773.

The Sheriff does not defend the trial court's decision to dismiss with prejudice on all grounds, arguing instead that the result was justified by the Appellants' lack of standing.[1] However, even if the complaint alleged insufficient facts to establish standing, the court should have granted the opportunity to amend. See Webb v. Town Council of Town of Hilliard, 766 So. 2d 1241, 1244-45 (Fla. 1st DCA 2000) (finding that trial court abused its discretion in dismissing the complaint with prejudice and stating that court should have "dismissed the complaint with leave to amend to correct the deficiencies as to standing"); All Risk Corp. of Fla. v. State, Dep't of Labor & Emp't Sec., Div. of Workers' Comp., 413 So. 2d 1200, 1202 (Fla. 1st DCA 1982) (finding that while hearing officer correctly determined party lacked

---

[1] The Sheriff suggests that the trial court's dismissal with prejudice was based only on standing, explaining that: "Although the trial court did not elaborate on its reasons, the only basis for dismissal with prejudice raised in the motion to dismiss was for lack of standing. One must assume lack of standing was what the trial court had in mind." Br. of Appellee at 9. We find it hard to make that assumption based on the order itself, which read (in its entirety):

> The defendant's motion to dismiss came before the Court for hearing on October 29, 2015. The Court having had the benefit of the arguments in the motion and the parties' oral argument at hearing finds for the defendant on all arguments raised. Therefore, the Court concludes that the complaint must be dismissed with prejudice. Consequently, the motion to dismiss is granted and judgment is rendered for the defendant.

standing based on the allegations, the denial of leave to amend was an abuse of discretion); Reibel v. Rolling Green Condo. A, Inc., 311 So. 2d 156, 158 (Fla. 3d DCA 1975) (reversing order denying defendants' motion to dismiss for lack of standing and remanding with directions for entry of order dismissing the complaint with leave to amend). In this case, it is not clear that any amendment would be futile. Notably, the Sheriff's counsel initially seemed to share that view below, concluding his argument at the motion hearing by saying "I do think that if you do that [dismiss] that you have to offer the [Appellants] an opportunity to amend, replead." The trial court nonetheless denied leave, which was an abuse of discretion.

Accordingly, we reverse the order of dismissal and direct the trial court to allow the Appellants an opportunity to amend the complaint.

REVERSED and REMANDED WITH DIRECTIONS.

ROWE, OSTERHAUS, and WINSOR, JJ., CONCUR.