IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CHARLES M. LEVIN,

      Appellant,

 v.                                     Case No.  5D17-396

SHEILA KLEEMAN,

      Appellee.

_____/

Opinion filed December 1, 2017

Appeal from the Circuit Court
for Orange County,
Bob LeBlanc, Judge.

Charles M. Levin, Orlando, pro se.

Sheila Kleeman, Orlando, pro se.

COHEN, C.J.

Charles Levin appeals a final summary judgment entered against him and in favor of his mother, Sheila Kleeman. The final judgment was based on Kleeman's claim that she loaned Levin a sizeable amount of money that he failed to repay. As the trial court noted, this litigation has been lengthy, contentious, and vexatious.[1] Resolution of this appeal requires only a limited discussion of its procedural history.

Kleeman filed an unsworn motion for summary judgment. After numerous efforts to have the motion heard, the trial court ultimately conducted a hearing and denied Kleeman's motion. Both parties continued to file a series of motions; however, Kleeman

---

[1] Both parties appeared without counsel and routinely filed pleadings attacking each other's character. Each claimed the other had committed fraud upon the court.

neither corrected the deficiencies in the earlier motion nor did she file a new motion for summary judgment. The court then entered an order setting "All Pending Motions" for a status hearing on January 9, 2017.

A successor judge presided at the January 9, 2017 status hearing. Although Kleeman's motion for summary judgment had previously been denied, and Kleeman had not filed a new motion, the court entered summary judgment in Kleeman's favor. Levin moved for rehearing and to vacate the summary judgment order.[2] The court denied the motion for rehearing, struck the motion to vacate, and entered final judgment in favor of Kleeman.

The trial court erred in granting summary judgment when no motion for summary judgment was pending. See Fla. R. Civ. P. 1.510; see also Kelly v. Militana, 595 So. 2d 113, 114 (Fla. 3d DCA 1992) ("[A] trial court may not grant a summary judgment where there is no motion pending . . . ." (citing Muncey v. Star Brite Distribs., Inc., 378 So. 2d 1326 (Fla. 3d DCA 1980))). Therefore, we are compelled to reverse and remand for further proceedings.

REVERSED and REMANDED.

TORPY and LAMBERT, JJ., concur.

---

[2] Levin was not present at the January 9, 2017 status hearing, claiming he made a calendaring error. We note Levin's motion to vacate was facially sufficient under Florida Rule of Civil Procedure 1.540(b). See Cedar Mountain Estates, LLC v. Loan One LLC, 4 So. 3d 15, 17 (Fla. 5th DCA 2009) (holding that a facially sufficient motion to vacate alleging (1) excusable neglect; (2) a meritorious defense; and (3) due diligence generally affords the movant an evidentiary hearing on the motion).