IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

SHARI HALL,

      Appellant,

v.                                                                          Case No.  5D17-1183

MARION COUNTY BOARD OF
COUNTY COMMISSIONERS,

      Appellee.
_____/

Opinion filed January 19, 2018

Appeal from the Circuit Court
for Marion County,
Lisa D. Herndon, Judge.

Edwin A. Green, III, of Blanchard, Merriam
Adel & Kirland, PA, Ocala, for Appellant.

Matthew G. Minter, of Marion County
Attorney's Office, Ocala, and Marcia K.
Lippincott, of Marcia K Lippincott, P.A.,
Lake Mary, for Appellee.


EDWARDS, J.

Shari Hall ("Appellant") appeals the entry of final summary judgment in favor of the

Marion County Board of County Commissioners ("Marion County").  Appellant argues that

the trial court erred in granting summary judgment on her separate claims for gender

discrimination and retaliation.  We reverse the final summary judgment because, although

the trial court did not err in entering the summary judgment on her claim for gender discrimination, we find that the trial court erred regarding her retaliation claim.

Initially, Appellant filed a one-count complaint against Marion County asserting that the county unlawfully discriminated against her in violation of the Florida Civil Rights Act when it selected Paul Nevels instead of her as the Marion County Fire Rescue Chief.

Pursuant to section 2-48(12) of the Marion County Code, the county administrator has the power and duty to employ all personnel and fill all vacancies in positions of employment under the jurisdiction of the board of county commissioners except for those involving the county attorney's office. At the time of the selection and appointment process for the fire chief position, the acting county administrator was Mounir Bouyounes. When Appellant asked for specific reasons why Nevels got the job instead of her, Mr. Bouyounes sent Appellant a letter stating in pertinent part:

> [Nevels] has management experience at a director level and possesses knowledge in dealing with developmental plans and resolving issues arising through this process in addition to advanced experience within the fire department.

In her deposition, Appellant testified that she believed Mr. Bouyounes' letter and similar oral statements he had made were his true reasons for deciding to appoint Nevels as the fire chief.

During the pendency of the litigation, Appellant filed her first amended complaint, which contained the same Count One gender discrimination claim as her initial complaint and added a second count in which she asserted that Marion County unlawfully retaliated by giving her unjustified and inaccurate low employment evaluations or reviews because she sued the county for gender discrimination. Marion County filed a motion for summary judgment that addressed the first amended complaint. After Marion County filed the

2

motion, but prior to the summary judgment hearing, Appellant filed her second amended complaint which contained the same Count One gender discrimination claim and a revised Count Two, a retaliation claim asserting that she had been improperly passed over for the position of deputy fire chief because she sued Marion County.

Because Appellant filed the second amended complaint shortly before the summary judgment hearing, Marion County had not yet responded to it when the summary judgment hearing was held.[1] No motion for summary judgment had been filed regarding Count Two of the second amended complaint. Thus, the parties only presented argument regarding Marion County's motion attacking Count One, the gender discrimination claim, of Appellant's amended complaint. Both parties confirmed to the trial court at the commencement of the hearing that neither side was going to address Count Two, the retaliation claim, and neither did.

Following the hearing, the trial court filed its written order granting Marion County's motion for final summary judgment. The judgment was entered in favor of Marion County "on all of Plaintiff, Shari Hall's, claims in this action." The final summary judgment only discussed issues and made findings relevant to the gender discrimination claim and did not mention the retaliation claim at all. Appellant did not file a motion for rehearing or reconsideration but did timely appeal.

---

[1] Appellant first amended her complaint to add a retaliation claim on August 18, 2016. This complaint alleged retaliation in the form of poor performance evaluations, and Marion County answered this complaint on September 9, 2016. Then, on March 3, 2017, Marion County filed for summary judgment on both counts. On March 22, Appellant amended her complaint a second time to allege a revised retaliation claim, asserting that she was passed over for the position of deputy fire chief. Marion County did not answer the second amended complaint until April 6, 2017, after the summary judgment hearing on March 31, 2017.

**GENDER DISCRIMINATION CLAIM**

Because Florida's Civil Rights Act is patterned after Title VII of the Federal Civil Rights Act of 1964, we consider both Florida and federal decisions. *See Valenzuela v. GlobeGround N. Am. LLC*, 18 So. 3d 17, 21 (Fla. 3d DCA 2009). A claim for gender discrimination can be proved by direct or circumstantial evidence. *See Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998). "Direct evidence is evidence that establishes the existence of discriminatory intent behind the employment decision without any inference or presumption." *Id.* "If the alleged statement suggests, but does not prove, a discriminatory motive, then it is circumstantial evidence." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1086 (11th Cir. 2004). We examine Appellant's assertions that both direct and circumstantial evidence support her gender discrimination claim.

**Direct Evidence**

Appellant points to two statements that she claims former Fire Chief Stuart McElhaney made to her as direct evidence of gender discrimination. First, Appellant asserts that approximately two years prior to his retirement, Chief McElhaney promised her that "she would be the next Marion County Fire Rescue Chief." Second, she claims Chief McElhaney told her two years before he left that "he was starting to hear some grumblings from the commissioners about having a female fire chief." In his deposition, Chief McElhaney denied making this second statement.

"[R]emarks by non-decisionmakers or remarks unrelated to the decisionmaking process itself are not direct evidence of discrimination." *Standard*, 161 F.3d at 1330. Thus, neither statement Appellant relies on constitutes direct evidence of discrimination

because neither dealt with how the employment decision was being made and neither was attributed to the county administrator, the sole decisionmaker. In fact, the trial court noted in the summary judgment order that there was "no record evidence that former Fire Chief Stuart McElhaney or the county commissioners had any involvement in the appointment decision or any influence on Mr. Bouyounes' decision." Thus, Appellant did not offer direct evidence of gender discrimination to avoid entry of summary judgment.[2]

### Circumstantial Evidence

Alternatively, Appellant asserts that circumstantial evidence supports her gender discrimination claim. Florida has adopted the three-step analytical process from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), for gender discrimination cases involving proof by circumstantial evidence. *See Valenzuela,* 18 So. 3d at 21-22.

In *Valenzuela*, the Third District explained the *McDonnell Douglas* standard:

> Under the *McDonnell Douglas* framework, a plaintiff must first establish, by a preponderance of the evidence, a prima facie case of discrimination. If successful, this raises a presumption of discrimination against the defendant.
>
> If a prima facie showing is made, the burden of proof then shifts to the employer to offer a "legitimate, non-discriminatory reason" for the adverse employment action. If the employer meets its burden, the presumption of discrimination disappears and the employee must prove that the employer's legitimate reasons for dismissal were a pretext for discrimination. The ultimate burden of proving discrimination rests at all times with the plaintiff.

*Id.* at 22 (citations omitted).

---

[2] Despite Appellant's claim to the contrary, the factual dispute regarding whether Chief McElhaney told her about "grumblings from county commissioners" is not material for the reasons just discussed, and thus, would not preclude summary judgment.

Although there was no formal stipulation in this case, the parties do not dispute that Appellant established a prima facie case. According to *Valenzuela*:

> In order to establish a prima facie case of disparate treatment based on gender discrimination, a plaintiff must prove that: (1) the employee is a member of a protected class; (2) the employee was qualified for her position; (3) the employee suffered an adverse employment action; and (4) similarly situated employees outside the employee's protected class were treated more favorably.

*Id.*

The second step of the *McDonnell Douglas* inquiry shifted the burden of proof to Marion County to offer legitimate, non-discriminatory reasons for promoting Nevels instead of Appellant to fire chief.[3] Marion County stated that its decision was based on legitimate, non-discriminatory reasons and was not motivated by discriminatory intent. Marion County provided the following reasons in its answer: (1) prior to his appointment as fire chief, Nevels held the second-in-command position of deputy fire chief; (2) Nevels scored higher than Appellant in the second round of interviews conducted by then-Acting County Administrator Bouyounes; (3) Nevels worked for the fire department several years longer than Appellant and had held every rank starting with entry level firefighter/EMT and progressing to lieutenant, captain, battalion chief, fire marshal, operations chief, and deputy chief; (4) Nevels had substantially more experience as a combat firefighter than Appellant; (5) Nevels had successfully exercised departmental and senior management authority over fire department employees beyond what Appellant had; and (6) Nevels was a certified law enforcement official. In his deposition, Nevels testified to those

---

[3] If the employer has articulated a legitimate, non-discriminatory reason for the employment action taken, whether the plaintiff established a prima facie case is irrelevant. *See Wright v. Southland Corp.*, 187 F.3d 1287, 1302 (11th Cir. 1999).

6

accomplishments. Mr. Bouyounes confirmed in his deposition that those reasons, together with knowing how Nevels works through serving on a county committee with him, were the basis for the decision. Because the reasons Marion County gave are facially legitimate, non-discriminatory reasons for its decision, any presumption of unlawful discrimination disappeared. *See id.* at 25.

The third step of the *McDonnell Douglas* analysis placed the burden of proof on Appellant to prove that the reasons Marion County gave were pretextual rather than genuine. *See Tillis v. Sheriff of Indian River Cty.*, 603 F. App'x 851, 853 (11th Cir. 2015). Appellant admitted in her deposition that she believed Mr. Bouyounes gave his true reasons for choosing Nevels over her. Appellant testified that she had never heard Mr. Bouyounes make a sexist remark, and the record was clear that he had appointed a number of females to high-level management positions within the county.

Appellant asserted that her qualifications more closely fit the county's description of whom it hoped to hire as fire chief, specifically with regard to seeking applicants with a bachelor's or master's degree. Appellant had an associate of arts degree and was pursuing, but had not attained, a bachelor's degree. Nevels had graduated from high school but had not pursued a college degree. Several other applicants who did not become finalists did have master's degrees, while others had bachelor's degrees. "An employer's violation of its own normal hiring procedure *may* be evidence of pretext. This is true when an employer disregards all but one of the factors and qualifications generally taken into consideration and relies solely on a factor which is designed to create 'leeway' for the promotion of people of a certain race." *Adams v. Fulton Cty., Ga.*, 397 F. App'x 611, 613 (11th Cir. 2010). However, since neither Appellant nor Nevels had a bachelor's

degree, disregarding the educational criteria equally as to both finalists did not prove unlawful discrimination. Thus, choosing Nevels, who had less formal education than Appellant, did not provide circumstantial evidence that the county administrator provided pretextual reasons for the hiring decision.

Appellant further asserted that she was generally more qualified than Nevels for the position. "When challenging a promotion decision on the basis of qualifications, the employee must show that 'disparities between the successful applicant's and her own qualifications were of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff.'" *Id.* at 853-54 (quoting *Brooks v. Cty. Comm'n of Jefferson Cty., Ala.*, 446 F.3d 1160, 1163 (11th Cir. 2006)). An employer's decision regarding whom to hire or promote does not need to be correct, but it cannot be based on unlawful discrimination. "The relevant inquiry . . . is not to judge which employee was more qualified, but to determine whether any disparity between [the employees'] managerial qualifications is so great that a reasonable fact-finder could infer that [the employer] did not believe [the successful applicant] to be better qualified." *Coefield v. Goldkist, Inc.*, 267 F.3d 1264, 1268 (11th Cir. 2001). Here, there is no dispute that both Appellant and Nevels were well-qualified for the position, and there was no record evidence that Appellant was vastly more qualified than Nevels.

Appellant failed in her burden of proving the county offered pretextual reasons, and thus failed to establish a case of gender discrimination using circumstantial evidence. Accordingly, the trial court was correct to grant summary judgment as to Count One, the gender discrimination claim.

8

**RETALIATION CLAIM**

However, the trial court erred in granting *final* summary judgment "on all of Plaintiff, Shari Hall's, claims in this action" because by doing so, it eliminated Appellant's Count Two retaliation claim set forth in her second amended complaint without giving her due process. The record is clear that Marion County had not filed an answer or any written response to the revised retaliation claim as of the date of the summary judgment hearing nor had Marion County filed a motion for summary judgment addressing the revised retaliation claim asserted as Count Two of the second amended complaint. No argument was presented to the court at the summary judgment hearing concerning any aspect or issue regarding Count Two. The final summary judgment specifically disposed of all of Appellant's claims against Marion County, thereby eliminating the retaliation claim set forth in Count Two of the second amended complaint.

Appellant did not file a post-judgment motion for rehearing to remind the trial court that the parties had specifically stated that they were not arguing anything concerning Count Two during that hearing. Ordinarily, Appellant's failure to seek rehearing or reconsideration would be fatal to her position for failure to make and preserve her argument at the trial court level. When a trial court's error appears for the first time on the face of a judgment or other order, it is incumbent upon the aggrieved party to bring it to the court's attention with the request for entry of a corrected order. *See Pensacola Beach Pier, Inc. v. King*, 66 So. 3d 321, 324 (Fla. 1st DCA 2011) (holding that the appellants did not preserve their argument that the trial court erred in granting summary judgment on an issue for which summary judgment was not sought because they did not file "a motion for rehearing or any other post-judgment relief on this or any other ground").

The general rule is that an issue may not be argued for the first time on appeal. *See Hooters of Am., Inc. v. Carolina Wings, Inc.*, 655 So. 2d 1231, 1235 (Fla. 1st DCA 1995). However, as with most rules, there are exceptions. One such exception permits a party to raise an issue for the first time on appeal if it constitutes fundamental error. *See id.* "[F]or error to be so fundamental that it may be argued on appeal, though not properly presented below, the error must amount to a denial of due process." *Ray v. State*, 403 So. 2d 956, 960 (Fla. 1981).

"Adequate notice is a fundamental element of the right to due process." *Hooters of Am.*, 655 So. 2d at 1235.

> Due process requires that before a summary judgment is authorized to be entered against a non-moving party, it must be shown that he has had a full and fair opportunity to meet the proposition that there is no genuine issue of a material fact and that the party for whom the summary judgment is rendered or ordered to be entered is entitled thereto as a matter of law.

*John K. Brennan Co. v. Cent. Bank & Tr. Co.*, 164 So. 2d 525, 530 (Fla. 2d DCA 1964). Appellant was not afforded that opportunity. Furthermore, the trial court erred in granting final summary judgment on all claims when the only motion for summary judgment addressed Count One and there was no motion for summary judgment regarding Count Two. *See Levin v. Kleeman*, 229 So. 3d 1290, 1291 (Fla. 5th DCA 2017) (holding that the trial court erred by granting summary judgment where there was no motion pending).

Here, the trial court's final judgment discussed evidence, issues, and findings that were relevant only to the gender discrimination claim. Nowhere is the retaliation claim even mentioned, much less specifically ruled upon, in the summary final judgment. There was no reference to Count One or Count Two by name anywhere within the final summary

judgment. Because the order in question discussed only one of the two counts, it would have been more accurately titled as a partial final summary judgment. The trial court's language simply granted Marion County's motion for final summary judgment and stated that judgment on all claims was entered in favor of the county. As a practical and legal matter, the trial court granted final summary judgment as to both counts, despite the fact that the parties told the trial court that Count Two, the retaliation claim, was not being argued and was not before the court. It is obvious that the trial court made a simple mistake rather than an erroneous ruling. That simple mistake might have been easily cured had Appellant, or Appellee for that matter, brought it to the trial court's attention. Nevertheless, an unintended denial of due process occurred when the trial court granted final summary judgment and entered judgment on all of Appellant's claims for Marion County, thereby eliminating Appellant's retaliation claim without any pending motion for summary judgment addressing that claim and without giving her the opportunity to oppose summary judgment on that claim.

Accordingly, we reverse the final summary judgment and remand with instructions for the trial court to enter partial final summary judgment against Appellant and in favor of Marion County only as to the Count One gender discrimination claim and to conduct further proceedings in this case regarding Appellant's retaliation claim in accordance with this opinion.

REVERSED AND REMANDED WITH INSTRUCTIONS.

EVANDER and EISNAUGLE, JJ., concur.