# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-2128
_____

CAROLYN BANKS,

  Appellant,

  v.

ALACHUA COUNTY SCHOOL
BOARD,

  Appellee.

_____


On appeal from the Circuit Court for Alachua County.
Monica J. Brasington, Judge.

June 24, 2019


PER CURIAM.

Carolyn Banks appeals from an order dismissing with prejudice her two-count complaint against the Alachua County School Board. We affirm the dismissal of Count 2 of her complaint without comment. We reverse the portion of the trial court's order dismissing Count 1 of her complaint with prejudice.

Dismissal of a complaint with prejudice is a severe sanction to be used in limited circumstances. *Obenschain v. Williams*, 750 So. 2d 771, 772-73 (Fla. 1st DCA 2000) (holding a complainant should generally be given leave to amend a defective complaint except where the complaint fails to state a cause of action, and it "conclusively appears that there is no possible way to amend the

complaint to state a cause of action"); *McAlpin v. Roberts*, 195 So. 3d 1197, 1199 (Fla. 1st DCA 2016) (reversing an order dismissing a complaint with prejudice and remanding with instructions to allow the appellants an opportunity to amend). In moving to dismiss, the school board argued the complaint was time-barred by the applicable statute of limitations and the complaint failed to state a cause of action.

A motion to dismiss based on the expiration of a statute of limitations should be granted only in "extraordinary circumstances" when the facts constituting the defense affirmatively appear on the face of the complaint and its attachments conclusively establish that the action is barred. *Goodwin v. Sphatt*, 114 So. 3d 1092, 1094 (Fla. 2d DCA 2013) (citation omitted). The instant case is not one of those extraordinary circumstances as the complaint raised sufficient facts to preclude dismissal on this basis.

In determining whether a complaint states a cause of action upon which relief can be granted, our review is confined to the four corners of the complaint and its attachments. *Universal Underwriters Ins. Co. v. Body Parts of Am., Inc.*, 228 So. 3d 175, 176 (Fla. 1st DCA 2017) (quoting *Sobi v. Fairfield Resorts, Inc.*, 846 So. 2d 1204, 1206-07 (Fla. 5th DCA 2003)). We must draw all inferences in favor of the complainant and accept as true all well-pleaded allegations. *Id.* Considering the complaint's allegations in the light most favorable to Ms. Banks, we find she stated a cause of action for contract reformation and raised factual issues to withstand the motion to dismiss. Accordingly, we reverse the portion of the order dismissing Count 1 with prejudice and remand for further proceedings consistent with this opinion.

AFFIRMED in part, REVERSED in part, and REMANDED.

ROBERTS, RAY, AND JAY, J.J., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Eric Jacob Lindstrom of Egan, Lev, Lindstrom & Siwica, P.A., Orlando, for Appellant.

David M. Delaney, Jamie L. White, and Natasha Mickens of Dell Salter, P.A., Gainesville, for Appellee.