# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-4844

_____

JOHN A. BARLEY,

    Appellant,

    v.

ZACHARY M. WARD,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Karen Gievers, Judge.

November 1, 2019

PER CURIAM.

John A. Barley appeals from a final order dismissing with prejudice his four-count Second Amended Complaint, ruling that it was time-barred by the applicable statutes of limitations on each count and, consequently, the complaint failed to state a cause of action. "Dismissal of a complaint with prejudice is a severe sanction to be used in limited circumstances." *Banks v. Alachua Cty. Sch. Bd.*, 275 So. 3d 214, 214 (Fla. 1st DCA 2019) (citing *Obenschain v. Williams*, 750 So. 2d 771, 772-73 (Fla. 1st DCA 2000)). Typically, the statute of limitations is properly raised as an affirmative defense. *Goodwin v. Sphatt*, 114 So. 3d 1092, 1094 (Fla. 2d DCA 2013). So when, as here, a motion to dismiss is based on the statute of limitations, it should be granted only "'under extraordinary circumstances where the facts in the complaint,

taken as true, conclusively show that the action is barred by the statute of limitations.'" *Id.* (quoting *Ambrose v. Catholic Soc. Servs., Inc.*, 736 So. 2d 146, 149 (Fla. 5th DCA 1999)); *Banks*, 275 So. 3d at 215 (citing *Goodwin*, 114 So. 3d at 1094).

Drawing all inferences in favor of Mr. Barley as the complainant, and confining our review to the four corners of the complaint and its attachments as we must, *see Banks*, 275 So. 3d at 215, we conclude that the facts set forth in the Second Amended Complaint do not conclusively show that any of the four counts are barred by their respective statutes of limitations. In other words, it raised sufficient factual issues to withstand the motion to dismiss. *Id.* Accordingly, we reverse the trial court's Order Granting Motion to Dismiss with Prejudice and remand for further proceedings consistent with this opinion. [*]

AFFIRMED in part, REVERSED in part, and REMANDED.

MAKAR, JAY, and M.K. THOMAS, JJ., concur.

---

[*] It is worth noting that Defendant's Motion to Dismiss Second Amended Complaint, either intentionally or by oversight, addressed only counts I and II, while the trial court applied it to all four counts. While Mr. Barley did not bring this fact to the trial court's attention at the hearing—where it was apparently assumed all counts were at peril of being dismissed based on the parties' arguments—or in his Motion to Reconsider and Rehear, *see Pensacola Beach Pier, Inc. v. King*, 66 So. 3d 321, 324 (Fla. 1st DCA 2011) (holding that the appellants did not preserve their argument that the trial court erred in granting summary judgment on an issue for which summary judgment was not sought because they did not file "a motion for rehearing or any other post-judgment relief on this or any other ground"), we take this opportunity to highlight the issue for purposes of remand, since it implicates Mr. Barley's fundamental right to due process. *See, e.g.*, *Hall v. Marion Cty. Bd. of Cty. Comm'rs*, 236 So. 3d 1147, 1154 (Fla. 5th DCA 2018) ("'Adequate notice is a fundamental element of the right to due process.'" (quoting *Hooters of Am., Inc. v. Carolina Wings, Inc.*, 655 So. 2d 1231, 1235 (Fla. 1st DCA 1995))).

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


John A. Barley, pro se, Appellant.

Scott A. Cole and Alexandra Valdes of Cole, Scott & Kissane, P.A., Miami, for Appellee.